In the Matter of the Petition of MAUD EVA SLAVEN DE PIERRIS, Appellant, for a Judicial Settlement of the Accounts of ELLEN A. SLAVEN and Another, as Executors, etc., of MOSES A. SLAVEN, Deceased, Respondents.

*Surrogate's Court — decision as to an applicant's interest — refusal to compel an accounting when an action for that purpose is pending in the Supreme Court.*

When the papers used upon an application made to a Surrogate's Court show that the applicant has no interest in the matter to which the application relates, although the applicant swears that he has an interest therein, the surrogate is not bound to entertain the application.

Where a person has commenced an action to compel an accounting in the Supreme Court, it is not error for a Surrogate's Court to refuse to entertain an independent proceeding attempted to be brought in that court by such person for the same purpose.

APPEAL by the petitioner, Maud Eva Slaven De Pierris, from an order of the Surrogate's Court of New York county, entered in the office of the clerk of the New York County Surrogate's Court on the 11th day of April, 1894, dismissing the proceedings instituted by her to compel an accounting by the executors of Moses A. Slaven, deceased.

*A. H. Holmes*, for the appellant.

*A. H. Joline*, for the respondents.

VAN BRUNT, P. J. :

We see no reason for interfering with the conclusion arrived at by the surrogate. There were two grounds upon which his decision seems to have rested : *First*, that the appellant was not a party in interest ; and *secondly*, that having commenced an action in the Supreme Court for an accounting she would not be allowed to maintain an independent proceeding in the Surrogate's Court.

It is urged upon the part of the appellant, that she having sworn that she was a party in interest, the surrogate had no discretion, and as the Supreme Court may not entertain the action for the accounting, the surrogate erred in dismissing the proceeding before him. We are not aware that it has yet been established that because a party swears that he has an interest, and the papers upon their face show that he has not, the surrogate is bound to entertain any appli-

cation by such party. The interest of the appellant can only be established by a successful maintenance of her suit in the Supreme Court, and it seems to be time enough for the consideration of the question of accounting when she has established an interest which, upon the record, apparently does not exist.

Furthermore, the appellant has chosen her forum, and having filed a bill in the Supreme Court for an accounting, there is no reason why she should have an independent proceeding. If the court should refuse to entertain that branch of her action which pertains to the accounting, it will be time enough then, in case the court shall decide that she has an interest, for the appellant to pursue her remedies in the Surrogate's Court.

The order should be affirmed, with costs.

PARKER and BARRETT, JJ., concurred.

Order affirmed, with costs.